DREW, Chief Justice
(concurring in part and dissenting in part).
I concur in the judgment of reversal but not because of the reasons stated in the main opinion. I do not find in the record any basis for the conclusion of the trial court that there was “a clear absence of any actual agency or any lease requirement for the improvements such as are necessary to subject the fee to the lien.” On this subject the record is bare. Even were I to agree with the view expressed in the opinion of Justice THOMAS that the record did establish agency sufficient to bring it within the provisions of Section 84.03(2), F.S.A., there is nothing in the record to establish that the balance due on the contract was for labor or materials which could afford the basis for a mechanic’s lien on real estate. The contract dated August 25, 1953 described the work to be done as:
“Design and direct all interior and exterior decorative work, which includes Dining Room, two Lounges and Patio.
Murals and/or sculpture or both to be executed by the Party of the Second Part, who will also apply canvas to the walls where murals are used, in Dining Room and both Lounges.
“The Party of the Second Part will present sketches for the above mentioned work to be approved by the Party of the First Part, Sketches will also be provided for match covers, stationery and Menu.”
The claim of lien duly recorded in the public records of Dade County and made an exhibit to the complaint states that the lienor claims the lien for labor and services performed and materials furnished “as per contract of August 25th, 1953, in the designing, painting and sculpturing, and the furnishing of all materials therefor, of the following decorative objects, to-wit:
“2 8 feet X 28 feet murals.
1 7 feet X 25 feet mural.
2 7 feet X 18 feet murals.
1 12 feet X 25 feet murals.
2 4' X 6' Shadow Box.
1 Black Orchid, 4' in diameter.
1 Negro Mask, 1$ X life size.
to the value of Six Thousand ($6,000.00) . Dollars on the following described real property.
"1601 79th Street Causeway in the town of North Bay Village, Dade County, Florida.”
The answer of the defendant specifically denied that the work above set forth for which the lien was claimed would afford a *181 basis for such a lien. There is nothing in the record which sheds the slightest bit of light on this basic point.
The majority opinion holds that the amount due for the above described objects may be made the basis of a mechanic’s lien on real estate. I think this is a clearly erroneous conclusion. Tables and stools, television, paintings, curtains and other things are an essential part of a bar but surely the purchase price thereof cannot be the basis of a mechanic’s lien on the realty. It could be that the murals are attached to and form a part of the realty but we have no right ■to assume that as a matter of law. A “mural” could be painted on canvas (as was ■contemplated by the contract) and hung on the walls the same as a portrait or other painting. I think the “shadow box”, the “black orchid” and the “negro mask” are obviously personal property, but I don’t have the right to assume this as a matter of law. The record is simply devoid of evidence on which either this or the lower court could properly decide the issues.
I conclude that the decree appealed from should be vacated but with directions to proceed to take testimony on the question of agency as well as the question of whether the work performed by the contractor was of the nature which would afford a basis for a mechanic’s lien.
HOBSON and ROBERTS, JJ., concur.